**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| **SHELBY CHEATHAM** | | **PLAINTIFF** |
| v. | 4:20-CV-865 | |
| **MCKENDRA ADAMS** | | **DEFENDANT** |

**REPLY IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE**

## INTRODUCTION

The first issue is that Cheatham lacks standing because the complaint alleges a bare procedural violation, divorced from any harm. The core problem with Cheatham's response is that it offers no basis to find actionable harm. Cheatham verified the debt, was never going to pay it, and was compensated in full for his attorney's fees. Cheatham has not suffered a cognizable injury. Being offended that a debt collector may have violated a procedural rule is not enough. No harm, no foul.

The second issue is that Cheatham has not stated a cause of action because the FDCPA and the AFDCPA both require an "initial communication with a consumer." The communication at issue was not "initial" because it was prompted by Cheatham's attorney and was not "with a consumer" because it was to Cheatham's lawyer. Cheatham does not allege that the communication demanded money or threatened action, so the communication does not fall within the scope of either the FDCPA or AFDCPA. Cheatham's response obsesses over fact patterns other than this one. This case asks a limited question about this conduct. The FDCPA and AFDCPA are not concerned about responses to a debtor's attorney's discovery requests, they are concerned with abusive debt collection practices.

The last issue is that Adams has Arkansas attorney immunity to the AFDCPA claim because it is not a fraud claim. Arkansas attorneys are immune to non-fraud claims brought by their opposing

parties.  Cheatham responds by citing a case that expressly declines to consider the AFDCPA and offers no other argument or authority.  This is unhelpful.  Arkansas attorneys owe a complete and unflinching duty of loyalty to their clients.  Arkansas attorneys do not have a diametrically opposing duty to their clients' opposing parties.  The Court should dismiss this case with prejudice.

## ARGUMENT

### 1: Cheatham lacks standing because he has not alleged an "injury-in-fact."

Cheatham lacks standing because he has not alleged an "injury-in-fact."  Cheatham has alleged a bare procedural violation which, absent some allegation of harm, is insufficient to confer standing no matter what Congress has adjudged.  Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016).

In response, Cheatham cites an unpublished decision from the Eleventh Circuit.  Response at p. 8.  It requires no citation that Eleventh Circuit precedent is persuasive authority at best.  The problem, for Cheatham, is that the case isn't even Eleventh Circuit "precedent."  Eleventh Circuit Rule 36-2 ("Unpublished opinions are not considered binding precedent.")

The reasoning in this unpublished decision has been rejected by two sister circuits as running afoul of the basic rule that a bare procedural violation does not confer standing regardless of Congress's intent.  See Casillas v. Madison Ave. Assocs., Inc., 926 F.3d 329, 338 (7th Cir. 2019) and Lyshe v. Levy, 854 F.3d 855, 859–861 (6th Cir. 2017).  It bears no further discussion.  A later Eleventh Circuit case went the other way without discussing the unpublished decision.  Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990 (11th Cir. 2020).  Cheatham cites two more unpublished summary orders from the Second Circuit.  Response at p. 9.  See Second Circuit Rule 32.1.1 (summary orders have no precedential effect).  These cases bear no discussion, either.

The first case Cheatham cites that can even be considered *persuasive* authority is Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75 (2d Cir. 2018).  There, a debtor had standing to sue under the

FDCPA because he claimed the debt collector incorrectly identified the creditor in the complaint. Id., 897 F.3d at 81.  This conferred standing because it posed a risk of real harm on the assumption that it could have hindered the exercise of his right to defend or otherwise litigate the action.  Id.

Cohen is thus distinguishable for two obvious reasons.  There, the alleged fraud went to the debtor, not the debtor's attorney.  In the Eighth Circuit, the debtor's attorney (not the FDCPA) protects the debtor from fraud.  Powers v. Credit Mgmt. Servs., Inc., 776 F.3d 567, 574 (8th Cir. 2015) ("Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior.")  Absent a misstatement being something that would mislead a competent attorney, the FDCPA is not implicated.  Id.

Second, Cheatham does not even allege fraud.  Cheatham complains that Adams, after she provided discovery responses about the debt, did not notify his counsel that his counsel can "verify" the debt.  Cheatham offers no argument on how the missing notification of this opportunity to verify the debt, independent of the discovery responses Adams had just sent, "hindered" his right to defend or otherwise litigate the action.

Cheatham next cites Macy v. GC Servs. Ltd. P'ship, 897 F.3d 747 (6th Cir. 2018).  Response at p. 10.  Macy is also distinguishable because, there, the *debtors* received the communications.  Id. at 751 ("GC [the debt collector], in attempting to collect debt owed by Plaintiffs to GC's client, sent **Plaintiffs** letters that contained legally deficient warnings and advisories") (emphasis added).  This case turns on the fact that Cheatham's attorney (not Cheatham) would have acted exactly the same in defending the underlying debt case regardless of the fact that Adams did not provide the notice of right to verify after responding to discovery requests.

The Macy Court's analysis was recently rejected by the Eleventh Circuit.  See Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990 (11th Cir. 2020).  There, the Trichell Court holds, "whatever injury one may suffer from receiving in the mail a misleading communication that fails to mislead" is insufficient to confer standing.  Id. at 999-1000.  Whatever offense the recipient may take that the debt collector violated the law is "akin to taking offense that the government has violated other statutes–an injury that is canonically abstract as opposed to concrete."  Id. at 1000.  So, too, here.

Cheatham falls squarely in the class of people who are offended at the idea that the statutory procedure might not have been perfectly followed, but who ultimately was unaffected by it.  Even if the procedure was not perfectly followed, Cheatham still has no standing because "no harm, no foul."  Casillas v. Madison Ave. Assocs., Inc., 926 F.3d 329, 331 (7th Cir. 2019).  For why the statute was not violated, see Issue 2 below.

Cheatham then cites without discussing a number of cases–counsel did not count them–of which, none turn on the issue of a debt collector's responses to discovery requests, sent by the debtor's attorney, which lacked the verification notice.  Response at pp. 11-13.  This case is about these facts.  On these facts, where a debt collector truthfully responded to a debtor's attorney's discovery requests without threat of future action, no FDCPA liability arises.

Cheatham's response never proffers an actual injury suffered by Cheatham.  See response at p. 15.  Cheatham's cases may emphasize the importance of the disclosure to other debtors.  But while the disclosure requirement has legitimate and valuable purposes for *other* (unrepresented) debtors, Cheatham is unaffected because Cheatham's attorney already knew he could verify the debt.  Hence the discovery requests.

Cheatham also complains that, because the verification notice wasn't sent, he *might* have decided to pay a debt he did not owe.  Response at p. 15.  The constitution is not concerned about what might

have been under different facts. The facts are that Cheatham did not receive the validation notice and still did not pay the debt. This means Cheatham has no standing. E.g. Casillas, 926 F.3d at 336-37 (there is no standing for an FDCPA claim where the debtor did not receive the notice of right to dispute the debt, but was never going to dispute the debt anyway).

Cheatham also complains that he had to hire a lawyer to defend against the debt complaint. Response at p. 15. First, Cheatham was not "injured" by hiring his attorney because the state court ordered fee shifting in the full amount of his attorney's fees expenditure. Doc. 4 at ¶ 35. Second, this argument fails the "traceability" prong of standing. E.g. Spokeo, 136 S. Ct. at 1547 (the injury must be "fairly traceable to the challenged conduct of the defendant.") Cheatham hired the attorney before any FDCPA obligations arguably existed. Doc. 4 at ¶¶ 25-27. Cheatham did not hire an attorney because of Adams's complained-of conduct.

Cheatham next argues his "injury" is akin to an accounting "because both provide an aggrieved party the right to information important to them." Response at p. 16. This is unpersuasive. Something else that provides a right to this exact information are the discovery rules. E.g. ARCP 26, 33, and 34. Cheatham had already availed himself of the right to verify the debt at issue. Hence Adams's discovery responses. After having demanded information that verifies the debt, Cheatham cannot then complain about not being notified that he has a right to demand information to verify the debt. This is why Cheatham lacks standing.

Nor is this case anything like Demarais v. Gurstel Chargo, P.A., 869 F.3d 685 (8th Cir. 2017). There, a debt collector secured a continuance for a trial he never intended to pursue. This caused the debtor mental distress, which is a concrete injury, at the possibility of trying the case. In stark contrast to the Demarais plaintiff, Cheatham does not even allege mental distress (or any other cognizable injury) because Adams did not send the notice of right to verify the debt.

Cheatham closes with a claim that Arkansas does not recognize standing principles. Response at p. 16.  Cheatham is wrong.  E.g. James v. Walchli, 2017 Ark. App. 645, 6, 535 S.W.3d 679, 683 (2017) ("an issue is moot if any judgment or opinion issued by a court would have no practical effect upon a then existing legal controversy") (emphasis added).

## 2: Cheatham has not alleged a violation of the FDCPA because Adams's communication was not with Cheatham.

The next issue is that Cheatham has not stated a claim under the FDCPA or the AFDCPA.  The statutes were not violated they do not apply to these facts.  They are concerned about communications with a "consumer," not with a "consumer's attorney." They are concerned with "initial" communications, not communications in response to the debtor's attorney's demand for information.

The Eighth Circuit has adopted the rule that "Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior."  Powers v. Credit Mgmt. Servs., Inc., 776 F.3d 567, 574 (8th Cir. 2015) (quoting Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002)).

Cheatham cites Powers without discussing it when stating that "the FDCPA applies to and regulates communications from a debt collector to the consumer's lawyer." Response at p. 18 (citing without discussing Powers).  This statement is technically true, but it offers no benefit to Cheatham.  In our circuit, the FDCPA is not concerned, as here, where "a representation . . . would be unlikely to deceive a competent lawyer."  Id.; see also Demarais v. Gurstel Chargo, P.A., 869 F.3d 685, 695 (8th Cir. 2017) ("a competent attorney standard applies where an attorney is interposed as an intermediary between a debt collector and a consumer.") (simplified).

Here, Cheatham makes no claim that there is any chance a competent attorney would think that there is no right to verify the debt unless Adams notified the attorney that the debt can be verified. Obviously, Cheatham's attorney knew that the debt could be verified. Hence the discovery requests.

Cheatham's response does not address the argument surrounding Derisme v. Hunt Leibert Jacobson P.C., 880 F. Supp. 2d 339 (D. Conn. 2012). There, communications were not "initial" communications because they were in response to the debtor and because they did not demand money or threaten any action. The same is true here. Cheatham does not allege that the email to his attorney providing discovery responses demanded money or threatened action; and, being "responses," they were in "response" to Cheatham's own discovery requests.

The FDCPA is not concerned with debt collectors who truthfully respond to discovery requests sent by debtors' attorneys. The FDCPA is concerned with stopping debt collectors from engaging in fraudulent and abusive practices. Cheatham has offered nothing to suggest there is something fraudulent or abusive about responding to discovery. The Court should dismiss with prejudice.

### 3: Adams has Arkansas attorney immunity from the AFDCPA claim.

The last issue is that Adams has Arkansas attorney immunity from the AFDCPA claim. ACA § 16-22-310; Born v. Hosto & Buchan, PLLC, 2010 Ark. 292, 372 S.W.3d 324. Arkansas attorneys are generally immune to civil liability form those not in privity in contract with them for actions taken during the course of their employment as attorneys. Ibid.

Cheatham responds that Adams does not have attorney immunity from the FDCPA (not AFDCPA) claim. Response at pp. 22-23. This is true, but it says nothing of the AFDCPA claim. Cheatham cites McMullen v. McHughes Law Firm, 2015 Ark. 15, 454 S.W.3d 200 (2015), but the McMullen Court expressly declined to address the AFDCPA. Id. at 8 ("Because McMullen does not make any separate arguments concerning the AFDCPA, and she concedes that it should be interpreted

similarly to the FDCPA, **we will apply only the FDCPA**") (emphasis added).  The opening brief did not address McMullen because it has nothing to say about this case or this issue.

Cheatham complains that the opening brief cites only one case.  Response at p. 22.  Only Born is cited because only Born is needed.   Cheatham offers neither argument nor authority to contest that Born controls this case.  Nor does Cheatham offer argument or authority why the outcome should be something different from what the statute requires.  The statute bars non-fraud claims against Arkansas attorneys.  This is not a fraud claim.  Adams is an attorney.  The cause is thus barred.

## CONCLUSION

Cheatham's complaint simply does not allege a cause of action.  A curative amendment would be futile because this fact pattern is not grounds to find liability on any count.  Haynes v. City of Alpena, No. 3:19-CV-03055, 2020 WL 1919909, at *2 (W.D. Ark. Apr. 20, 2020) ("Normally, when a complaint is vulnerable to dismissal on the pleadings, district courts must permit curative amendments, **unless such amendments would be futile**.") (emphasis added).

## PRAYER FOR RELIEF

**WHEREFORE** Defendant prays this Court enter an order dismissing the case with prejudice.

Respectfully submitted on October 22, 2020,
on behalf of Defendant
By: /s/ Matthew A. Kezhaya
Matthew A. Kezhaya, ABA# 2014161
**Kezhaya Law PLC**
100 S. Fifth Street, 19th Floor
Minneapolis, MN 55402
phone: (479) 431-6112
facsimile: (479) 282-2892
email: matt@kezhaya.law

## CERTIFICATE AND NOTICE OF SERVICE

**NOTICE IS GIVEN** that I, Matthew A. Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on October 22, 2020 which sends service to registered users, including all other counsel of record in this cause.  /s/ Matthew A. Kezhaya